**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                              |   |                              |
|------------------------------|---|------------------------------|
| VICTOR RODRIGUEZ-LEON,       | : | Civ. Case No. 11-1172 (RBK)  |
|            Petitioner,       | : |                              |
|            v.                | : | **O P I N I O N**            |
| WARDEN DONNA ZICKEFOOSE,     | : |                              |
|            Respondent.       | : |                              |

**APPEARANCES:**

Victor Rodriguez-Leon, <u>Pro Se</u>
23299-069
FCI Fort Dix
P.O. Box 2000 West
Fort Dix, NJ 08640

Paul A. Blaine
Office of the U.S. Attorney
Camden Federal Bldg & U.S. Courthouse
401 Market Street
Camden, NJ 08101
Attorney for Respondent

**KUGLER, District Judge**

Petitioner, Victor Rodriguez-Leon, confined at the Federal Correctional Institution, Fort Dix, has submitted this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Respondent filed a Response to the petition, to which Petitioner filed a reply. For the following reasons, the petition will be denied.

**BACKGROUND**

Petitioner was convicted in the United States District Court for the District of Puerto Rico of possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1). He was sentenced on November 22, 2002 to serve a custodial term of 235 months, to be followed by eight years of supervised release. His projected release date is November 3, 2018.

Petitioner argues in this petition that the Bureau of Prisons ("BOP") violated its own Program Statement ("PS") 5100.08, and the United States Constitution by classifying him as a greater severity offender, and applying a Public Safety Factor ("PSF") of greatest severity, which has excludes him from eligibility to transfer to a minimum custody facility.

Respondent asserts that the PSF was assigned to Petitioner because the record of his criminal case establishes his role in a drug organization as an enforcer; that he routinely carried, possessed and used firearms; and engaged in violence to protect his organization.

**DISCUSSION**

**A.   Standard of Review**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions

must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.    Jurisdiction**

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting

3

in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. Distinguishing Woodall, the Court of Appeals has held that a challenge to a garden-variety transfer is not cognizable in habeas. See Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 2007 WL 1539942 (3d Cir. 2007).

Here, however, Petitioner's argument is not a garden-variety challenge to his classification and place of confinement, which would not ordinarily be cognizable in habeas. Instead, he alleges that the classification, itself, limits his eligibility for consideration for early release, a challenge that goes to the length of his confinement. Accordingly, this Court may exercise jurisdiction in habeas to consider Petitioner's claim.

**C.   Petitioner's Classification and Place of Confinement**

With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt v. Helms, 459 U.S. 460, 468 (1983), and Sandin v. Conner, 515 U.S. 472, 480 (1995).

Governments may confer on prisoners liberty interests that are protected by the Due Process Clause. "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state conceivably might create liberty interest). See also Asquith v. Department of Corrections, 186 F.3d 407, 411-12 (3d Cir. 1999) (return to prison from halfway house did not impose "atypical and significant hardship" on prisoner and, thus, did not deprive him of protected liberty interest).

It is well-established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement.  See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242.  Thus, for example, there is no due process violation in assigning prisoner a Sex Offender Public Safety Factor.  See Day v. Nash, 191 Fed. Appx. 137, 2006 WL 2052335 (3d Cir. 2006).

Similarly, here, Petitioner has no liberty interest in avoiding the assignment to him of a Greatest Severity Public Safety Factor.  Congress has delegated the authority to determine a prisoner's appropriate classification and place of confinement to the BOP.  See, e.g., 28 C.F.R. § 0.96; BOP Program Statement 5100.08, Inmate Security Designation and Custody Classification.  There are several factors that the BOP must consider in making its classification and custody decision.  Petitioner has not established that the decisions to assign him a Greatest Severity Public Safety Factor has subjected him to "atypical and significant" hardship.  Cf. Marti v. Nash, 2006 WL 840397, *3 (D.N.J. March 27, 2006), aff'd, 227 Fed. Appx. 148, 2007 WL 1072969 (3d Cir. 2007) (prisoner, whose assignment to PSF of Greatest Severity prevented his placement at minimum security

6

level facility, had no due process right to any particular security classification).

To the extent the petition could be read as arguing that the BOP's assignment to Petitioner of a Greatest Severity Public Safety Factor is "arbitrary and capricious" in violation of § 706 of the Administrative Procedure Act, Congress has precluded judicial review of such claims.  See 18 U.S.C. § 3625; Murray v. Bledsoe, 650 F.3d 246, 247 n.1 (3d Cir. 2011).  See also Burnam v. Marberry, 313 Fed. Appx. 455, 456, 2009 WL 449151, 1 (3d Cir. 2009); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998).[1]

Accordingly, Petitioner has failed to establish any due process violation in the assignment to him of the Greatest Severity Public Safety Factor or in the assignment to a low security facility, to warrant habeas relief.

## CONCLUSION

For the reasons set forth above, the petition must be denied. An appropriate order follows.

---

[1] In any event, there appears to be no abuse of discretion here.  Pursuant to P.S. 5100.08, Appendix A, Petitioner was properly assigned the Greatest Severity Public Safety Factor because of his offense behavior, including his use of firearms. (Ferretti Declaration, ¶ 5).  The PSF was not applied as a result of his role as a leader of the drug organization. (Id.).  Pursuant to P.S. 5100.08, Chapter 5, as an inmate with a Greatest Severity Public Safety Factor, he was properly assigned to at least a low security level institution.

```
                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge
```

Dated: January 3, 2012


Dated: